**ARO SYSTEMS, INC., d/b/a ARO Liquors, Plaintiff-Appellant,**

v.

**SUPERVISOR OF LIQUOR CONTROL, Defendant-Respondent.**

No. 48251.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 4, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 9, 1985.

Application to Transfer Denied Feb. 26, 1985.

John Warshawsky, St. Louis, for plaintiff-appellant.

John Ashcroft, Atty. Gen., Charles E. Smarr, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

GAERTNER, Judge.

ARO Systems, Inc. d/b/a ARO Liquors, appeals from a trial court order affirming the decision of the Administrative Hearing Commission sustaining a two day liquor license suspension imposed by the Supervisor of Liquor Control.

The facts are not in dispute. On May 25, 1981, an employee of ARO Liquors sold a six-pack and a twelve-pack of Busch beer to a 19 year old minor without asking for identification. The sale was reported by an off-duty police officer. On August 28, 1981, the Supervisor of Liquor Control imposed a two day suspension of plaintiff's liquor license because of this violation of § 311.310, RSMo.1978.

ARO appealed this order to the Administrative Hearing Commission pursuant to § 311.691, RSMo.1978, raising issues concerning the severity of the penalty. The supervisor's order was stayed and a full evidentiary hearing was held on September 3, 1982. On June 15, 1983, the Commission entered its "Statement of the Case, Findings of Fact, Conclusions of Law and Decision." ARO conceded the violation had occurred, but contended only that the two

day suspension was too harsh. The Commission noted that under § 161.272, RSMo. 1978, it is authorized to conduct hearings and to make findings of fact and conclusions of law regarding the suspension or revocation of a license. However, the Commission held it was without authority to either decide against the Supervisor on the ground the suspension was too harsh or to reduce the sanction, and therefore ordered the suspension be reinstated.

On June 27, 1983, the Supervisor, without any hearing, issued an amended order reimposing the two day suspension. ARO appealed to the Circuit Court of St. Charles County. That court, on December 29, 1983, issued its judgment affirming the Administrative Hearing Commission's decision. ARO appeals.

Resolution of the issues raised by ARO requires us to review the history of the relevant statutes and procedures applicable to liquor license violation cases. Prior to 1978, the initiation of a proceeding to suspend or revoke a liquor license was by written notice from the Supervisor to the licensee stating the charges and the time and place of a hearing. § 311.690, repealed L.1978 p. 441. After the hearing, notice of the decision and the penalty imposed was sent to the licensee who had 15 days to file an application for review by the circuit court. § 311.700, repealed L.1978 p. 441. In 1978 the legislature repealed these statutes and enacted § 311.691, RSMo. 1978, which provides as follows:

> Any person aggrieved by official action of the supervisor of liquor control affecting the licensed status of a person subject to the jurisdiction of the supervisor of liquor control, including the refusal to grant, the grant, the revocation, the suspension, or the failure to renew a license, may seek a determination thereon by the administrative hearing commission pursuant to the provisions of section 161.-272, RSMo., and it shall not be a condition to such determination that the person aggrieved seek a reconsideration, a rehearing, or exhaust any other procedure within the office of the supervisor of liquor control.

By this action the legislature eliminated the hearing before the Supervisor. This action was commenced by the Supervisor by giving notice to ARO of the violation charged and the penalty imposed. No pre-determination hearing was held. The only hearing was that held by the Administrative Hearing Commission. The Commission answered ARO's contention that suspension was unduly severe by ruling that it "has no authority either to decide against [the Supervisor] on the ground that the suspension imposed was too harsh or to reduce the sanction imposed ...," and reinstated the two day suspension. Accordingly, ARO, which admitted the violation and seeks only to be heard with regard to mitigating circumstances, has never been afforded a meaningful opportunity to be heard on the only issue in dispute. ARO argues that the absence of any such hearing relating to the penalty causes the two day suspension to be arbitrary and capricious. It contends that the procedure set forth in § 161.292, RSMo.1978, should have been followed. That section of the Administrative Hearing Act provides that the Commission may, after hearing, make a recommendation to the agency involved regarding appropriate punishment. The agency is not bound by the recommendation but must set a date for a hearing on the issue of appropriate disciplinary action with notice thereof to the licensee.

The Supervisor argues that § 161.292 has no application to liquor license violations because that section is not mentioned in § 311.691. Noting that different procedures are utilized by the 18 agencies whose actions are within the purview of the Administrative Hearing Commission, the Supervisor argues that the absence of any reference to § 161.292 in § 311.691 is conclusive of the legislative intent that the second hearing procedure relating to punishment was not intended by the legislature to be required in such cases. In effect, the Supervisor argues that since he has already determined the appropriate discipline it would be a useless waste of time and

effort to conduct a hearing on that subject after his determination of the violation has been upheld.

 Where an Administrative decision is based upon interpretation and application of the law, rather than simply a finding of fact, the Administrative conclusions of law and the decision based thereon are matters for the independent judgment of the reviewing court, and for correction where erroneous. Mo. Const. Art. V, § 18; Section 536.140, RSMo.1978; *State Board of Reg. for Healing Arts v. Masters,* 512 S.W.2d 150, 158 (Mo.App.1974). The decision by the Administrative Hearing Commission to reinstate the two day suspension ordered by the Supervisor without a hearing is obviously based upon its legal conclusion that the procedure set forth in § 161.292 has no application to liquor license violation proceedings.

The scope of judicial review of decisions of the Administrative Hearing Commission is governed by § 536.140, RSMo.1978. § 161.332, RSMo.1978. Seven areas of inquiry toward which this judicial review should be directed are set forth in § 536.140.2.

2. The inquiry may extend to a determination of whether the action of the agency

(1) Is in violation of constitutional provisions;

(2) Is in excess of the statutory authority or jurisdiction of the agency;

(3) Is unsupported by competent and substantial evidence upon the whole record;

(4) Is, for any other reason, unauthorized by law;

(5) Is made upon unlawful procedure or without a fair trial;

(6) Is arbitrary, capricious or unreasonable;

(7) Involves an abuse of discretion.

 We find the procedure followed by the Administrative Hearing Commission in this case to be in violation of subsections 1, 2, 3, 4, and 5 of § 536.140.2. Therefore, the trial court erred in ruling that § 161.-292 was inapplicable and that the Commission "only has the authority to affirm the [Supervisor's] orders upon a showing that ... the violation charged did occur," without remand to the Supervisor for a hearing on appropriate discipline.

 It is fundamental that constitutional guarantees apply to any state action which affects a property interest represented by a validly issued license. *See Mueller v. Ruddy,* 617 S.W.2d 466, 475 (Mo.App. 1981). Among these is procedural due process which requires, among other rights, a meaningful opportunity to be heard, to confront and cross-examine adverse witnesses and to present evidence rebutting their testimony. *Id.* Any charge of violation of liquor laws by the Supervisor is comprised of two components—the facts constituting the violation and the appropriate discipline to be imposed if these facts are found to be true. The licensee is entitled to procedural due process with regard to each component. Here, the procedure adopted by the Administrative Hearing Commission effectively denied ARO any opportunity to be heard regarding the issue of appropriate discipline and was therefore in violation of the 14th Amendment of the United States Constitution and of Art. I, § 10 of the Missouri Constitution.

The dispute between the parties regarding the interpretation of § 311.691 revolves about a determination of legislative intent. The Supervisor urges us to hold that because the legislature mentioned only § 161.272 in bringing liquor license matters under the purview of the Administrative Hearing Commission, it must have intended to exclude the procedure for post-violation hearings relating to punishment as set forth in § 161.292. ARO argues that the language of § 311.691 was intended to invoke the totality of the applicable procedures outlined in the Administrative Hearing Act.

 The primary rule of statutory construction is to ascertain and give effect to legislative intent. *City of Kirkwood v. Allen,* 399 S.W.2d 30, 36 (Mo.banc 1966).

One guideline in accomplishing this purpose is found in the presumption that the legislature is familiar with constitutional requirements so that "when the words used permit a reasonable construction consistent with the obvious legislative intent and within constitutional limitations, a construction leading to invalidity should be avoided." *Id.* We look to the purpose of the statute, *St. Louis Southwestern Railway Co. v. Loeb*, 318 S.W.2d 246, 252 (Mo. banc 1958), and seek a construction, where the language permits, which tends to avoid unjust, absurd, unreasonable, confiscatory or oppressive results. *Laclede Gas Co. v. City of St. Louis*, 363 Mo. 842, 253 S.W.2d 832, 835 (banc 1953).

The effect of the Supervisor's interpretation of § 311.691, as applied in this case, would eliminate any hearing whatsoever as to the appropriate penalty for a violation on the part of a licensee of the liquor laws and thereby constitutes a denial of due process. On the other hand, if we assume, as we should, the legislature did not intend to create a constitutionally impermissible procedure, the interpretation of § 311.691 urged by ARO, that the mention of § 161.272 was intended by the legislature to authorize hearings by the Administrative Hearing Commission but only, by implication, under the procedures outlined in other sections in the Administrative Hearing Act, we avoid the constitutional problem as well as an unjust, confiscatory and oppressive result. The object and purpose of the legislature in enacting § 311.-691 was to transfer from the Supervisor to the Administrative Hearing Commission the constitutionally required hearing in cases involving liquor licenses, so that such hearings would be conducted in similar fashion to those involving licenses issued by the other 17 agencies listed in the statute. To say that the legislature intended to single out liquor licenses for different procedural treatment, especially where the difference leads to a denial of due process, would be contrary to all accepted rules and guidelines of statutory construction. Accordingly, the trial court erred in affirming the reinstatement of the two day suspension ordered by the Supervisor without a hearing. The issue of appropriate discipline should have been referred back to the Supervisor for a hearing upon that issue, with or without a recommendation by the Commission, pursuant to § 161.292.

We need not elucidate reasons for concluding that the imposition of a penalty without any hearing upon that issue is an action unsupported by evidence, unauthorized by law, made upon unlawful procedures and without a fair trial.

Accordingly, the judgment of the trial court is reversed and the cause remanded to the trial court with directions to order the Supervisor to conduct a hearing regarding appropriate discipline pursuant to the procedures set forth in § 161.292, RSMo. 1978.

PUDLOWSKI and KAROHL, JJ., concur.