**ZENCO DEVELOPMENT CORPORA-
TION d/b/a Party Time Lounge
and David Wasielewski, Appellants,**

v.

**CITY OF OVERLAND, Frank E. Munsch,
Robert Dody, Michael C. Emmendorfer,
Thomas P. Healey, William C. Hohman,
Jean McCandless, Mark Brown, Nan-
ette Sharp and Robert Thousand, Al-
derman, Appellees.**

No. 87–1578.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 12, 1988.

Decided April 5, 1988.

Stanley E. Goldstein, Clayton, Mo., for appellants.

Robert Herman, St. Louis, Mo., for appellees.

Before JOHN R. GIBSON and MAGILL, Circuit Judges, and BRIGHT, Senior Circuit Judge.

BRIGHT, Senior Circuit Judge.

Zenco Development Corp. (Zenco) brought this § 1983 action against the City of Overland, Missouri (City) claiming that the City violated Zenco's procedural due process rights by refusing to renew Zenco's city liquor license. The district court[1] granted the City's summary judgment motion after determining that Zenco had no property interest in the renewal of the license. We affirm.

1.  The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

## I. BACKGROUND

Zenco owns and operates a restaurant/tavern in the City of Overland. Zenco's city liquor license expired on July 31, 1984.[2] Zenco sought renewal of the license, but the city aldermen refused to renew the license. The City informed Zenco of the non-renewal by letter dated August 14, 1984. No municipal ordinances require any notice and hearing before not renewing a liquor license.[3]

Proceeding under Missouri law, Zenco first sought an alternative writ of mandamus in the state circuit court. That court issued the alternative writ and scheduled a hearing to determine whether a preemptory writ should issue. Both parties presented testimony and evidence in the mandamus action. While the case was under advisement, Zenco sought dismissal of the state mandamus action. The court denied the motion to dismiss and, on January 2, 1985, the court formally denied the preemptory writ and dissolved the alternative writ.

While the state court had taken the mandamus action under advisement, Zenco filed the present action in federal court alleging that the City denied Zenco procedural due process in refusing the liquor license renewal. The federal district court dismissed the action after granting the City's motion for summary judgment. The district court determined that Zenco did not have a property interest in the renewal of the license, and therefore Zenco had no right to procedural due process protection. This appeal followed.

## II. DISCUSSION

Zenco argues on appeal that it has a protectable property interest in the renewal of the municipal liquor license. Zenco claims the City violated its due process rights by failing to give Zenco notice that the license was in jeopardy, the reason for such jeopardy, and failing to give Zenco a predeprivation hearing.

A discussion of whether a party has a right to procedural due process must start with the question of whether the party has a property interest in the thing taken away. We are guided by well-established principles. According to the Supreme Court, "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Property interests "are created and their dimensions defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.*

Zenco claims that Missouri law creates a property interest in the renewal of a municipal liquor license. Zenco acknowledges, however, that the Missouri Supreme Court held otherwise in *State ex rel. Garrett v. Randall*, 527 S.W.2d 366 (Mo.1975) (en banc). In *Randall*, the court determined that a licensee does not have a property interest in the renewal of the license and therefore the licensee has no procedural due process protection in connection with the non-renewal of the license.

Zenco asserts that the legislature, in response to the *Randall* decision, enacted Mo. Ann. Stat. § 311.691 (Vernon Supp. 1988), which provides that a person who is aggrieved by a decision of the supervisor of liquor control may request a review of the decision by the administrative hearing commission. Zenco argues that this statute, along with a subsequent case interpreting the statute, create a property interest and effectively overrule *Randall*. *See ARO Systems, Inc. v. Supervisor of Liquor Control*, 684 S.W.2d 504 (Mo.Ct.App.

---

**2.** City liquor licenses must be renewed yearly. Overland, Mo., Ordinances § 3–22. Zenco previously held a valid license for the year 1980 and renewed it in the years 1981, 1982 and 1983.

**3.** While the City has no ordinances regarding the non-renewal of a liquor license, it does have an ordinance setting out the procedures to be used when revoking or suspending a liquor license. *See* Overland, Mo., Ordinances § 3–39.

1984) (determining that procedural due process applies to administrative commission's review of the decision of the state supervisor of liquor control).[4]  The district court determined that *Randall* continued to express the law in Missouri and therefore held that Zenco did not have a property interest in the license renewal.[5]

A district court's determination concerning the law of the state in which the court sits is entitled to considerable deference. *Parkerson v. Carrouth*, 782 F.2d 1449, 1451 (8th Cir.1986).  We will overturn the district court's interpretation of state law only if we find them " 'fundamentally deficient in analysis, without a reasonable basis, or contrary to a reported state-court opinion.' "  *McCarthy Bros. Const. Co. v. Pierce*, 832 F.2d 463, 467 (8th Cir.1987) (quoting *Ecomony Fire & Casualty Co. v. Tri–State Ins. Co.*, 827 F.2d 373, 375 (8th Cir.1987)).  We cannot fault the district court in concluding that *Randall* controlled the result here.  Indeed, two cases subsequent to the enactment of § 311.691 indicate that no protectable property interest exists in the renewal of a municipal liquor license.  *See Vaughn v. Ems*, 744 S.W.2d 542 (Mo.Ct.App.1988); *State ex rel. Payton v. City of Riverside*, 640 S.W.2d 137 (Mo. Ct.App.1982).[6]

---

4.  Section 311.691 provides as follows:

> Any person aggrieved by official action of the supervisor of liquor control affecting the licensed status of a person subject to the jurisdiction of the supervisor of liquor control, including the refusal to grant, the grant, the revocation, the suspension, or the failure to renew a license, may seek a determination thereon by the administrative hearing commission pursuant to the provisions of section 161.272, RSMo, and it shall not be a condition to such determination that the person aggrieved seek a reconsideration, a rehearing, or exhaust any other procedure within the office of the supervisor of liquor control.

Mo. Ann. Stat. § 311.691 (Vernon Supp.1988).

From a reading of the statute, it appears as though the review procedures only apply to the decision of the supervisor of liquor control, a state official.  Thus, while this statute may provide review for decisions concerning state liquor licenses, it does not provide review for decisions regarding municipal liquor licenses.

5.  Section 311.691 provides that a licensee may seek review of the supervisor's decision by the administrative hearing commission.  The ad-

---

## III.  CONCLUSION

Thus, Zenco has failed to demonstrate that the interpretation of Missouri law by Judge Cahill in the district court is error or contrary to the views expressed by the Missouri appellate courts.

Accordingly, we affirm.

---

ministrative hearing commission must review the decision consistent with the Administrative Hearing Act which provides for notice and hearing.  *See ARO*, 684 S.W.2d at 506–08.  *ARO* is inapplicable since § 311.691, as well as the Administrative Hearing Act, apply only to state liquor licenses, *see supra*, n. 4.

6.  In *Payton* and *Vaughn*, the cities refused renewals under broadly worded statutes.  The former license holders attacked the ordinances as unconstitutional without success.  In *Vaughn*, Senior Judge Simeone of the Missouri Court of Appeals wrote:

> We deal here with a liquor business, and the renewal of a liquor license.  The liquor business stands on a different plane than other commercial and business operations.  It is placed under the ban of the law and is differentiated from all other occupations.  No person has an inherent or natural right to engage therein.  Those who engage in the business of the sale of liquor have no legal rights except those expressly granted by statute and by license.

*Vaughn*, 744 S.W.2d at 547 (citations omitted).