**MISSOURI DEPARTMENT OF
INSURANCE, Appellant,**

v.

**Larry A. WILKERSON, Respondent.**

No. WD 46257.

Missouri Court of Appeals,
Western District.

Dec. 1, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 22, 1992.

Application to Transfer Denied
March 23, 1993.

Joseph R. McMahon, Jefferson City, for appellant.

Kevin Richard Jones, Jefferson City, for respondent.

Before FENNER, P.J., and TURNAGE and HANNA, JJ.'

FENNER, Presiding Judge.

The Missouri Department of Insurance (Department) appeals from a decision of the Cole County Circuit Court wherein the court affirmed the decision by the Administrative Hearing Commission (AHC) not to subject to discipline Larry Wilkerson's insurance agent license.

The facts giving rise to this appeal are as follows. On August 17, 1989, Larry Wilkerson, a licensed insurance agent, and an associate met with Millie Burkhardt at her home in Sturgeon, Missouri. During this meeting, Wilkerson and Burkhardt completed an application for an insurance policy with American Integrity Insurance Company (American Integrity). Burkhardt then gave Wilkerson a check for the premium in the amount of $480.70. This check was made payable to "Larry A. Wilkerson Premium Acct."

On August 23, 1989, Wilkerson deposited Burkhardt's check into his premium account at the Callaway Bank, Fulton, Missouri. On August 25, 1989, Wilkerson wrote a check made payable to American Integrity in the amount of $480.70, which was drawn from his premium account. On this same day, he mailed the check and Burkhardt's application to American Integrity. American Integrity has no record of having received Wilkerson's check or Burkhardt's application. Furthermore, Wilkerson's check to American Integrity never cleared his bank.

Wilkerson's bank statements reflect that his premium account balance was significantly lower than $480.70 during the days immediately following his deposit of Burkhardt's check on August 23, 1989, showing that he withdrew funds from this account such that his balance could not cover Burkhardt's insurance payment to American Integrity. From the day of the deposit through June, 1990, Wilkerson's premium account was frequently below the amount of Wilkerson's check to American Integrity.

On October 17, 1990, the Department filed a complaint at AHC seeking a determination that the insurance agent license of Wilkerson was subject to discipline pursuant to section 375.141, RSMo Supp.1991. An amended complaint was filed on February 19, 1991, and a second amended complaint was filed on April 25, 1991. In its second amended complaint, the Department alleged that Wilkerson: (1) misappropriated, converted or illegally withheld the insurance premium; (2) practiced fraud and deception in connection with an insurance transaction; (3) breached his fiduciary duty as set forth in section 375.051, RSMo; and (4) demonstrated a lack of trustworthiness or competence.

On June 17, 1991, the AHC held a hearing on the Department's second amended complaint. The AHC issued a decision on November 20, 1991, concluding that Wilkerson's insurance agent license was not subject to discipline.

On December 9, 1991, the Department filed an amended petition for judicial review in Cole County claiming that the decision of the AHC was unauthorized by law because the AHC improperly applied the law to the facts in its decision. On April 10, 1992, the Circuit Court of Cole County issued an order and judgment affirming the AHC's decision. This appeal followed.

The Department's first point on appeal is dispositive. In its first point, the Department argues that the AHC improperly applied the law to the facts in its conclusion that Wilkerson did not misappropriate, convert or illegally withhold money within the

meaning of section 375.141.1(5), RSMo Supp.1991.

■■■ On an appeal from the circuit court's review of an administrative decision, the reviewing court reviews the decision of the administrative agency, not the decision of the circuit court. *Americare Systems, Inc. v. Missouri Dept. of Social Services*, 808 S.W.2d 417, 419 (Mo.App. 1991). When an administrative decision is based upon an interpretation and application of law, rather than simply a finding of fact, such conclusions of law and the decision based thereon are matters for the independent judgment of the reviewing court, and for correction where erroneous. *Aro Systems, Inc. v. Supervisor of Liquor Control*, 684 S.W.2d 504, 507 (Mo.App. 1984).

■■ Section 375.141.1(5), RSMo Supp. 1991, provides, in pertinent part, that a license of an insurance agent may be revoked or suspended if it is determined that the agent misappropriated or converted to his own use money belonging to an insurance company or an insured.

In *In re Schaeffer*, 824 S.W.2d 1, 5 (Mo. banc 1992), the court stated:

> When an attorney deposits the client's funds into an account used by the attorney for his own purposes, any disbursement from the account for purposes other than those of the client's interests has all the characteristics of misappropriation, particularly when the disbursement reduces the balance of the account to an amount less than the amount of the funds being held by the attorney for the client.

The attorney in *In re Schaeffer* used his business operating account for his own purposes and the balance was not always adequate to cover outstanding obligations. *Id.* The misappropriation consisted of the attorney applying his client's funds to his own personal use, thus creating a situation where the funds in the account were insufficient to cover the attorney's obligations toward his client.

The case at bar is directly analogous to *In re Schaeffer.* Wilkerson deposited Burkhardt's check in the amount of $480.70 into his premium account on August 23, 1989. *The record reflects that two days later, he wrote a check to American Integrity for $480.70 and sent the check along with Burkhardt's application.* However, Wilkerson's bank statements show that by the end of the day on August 23, 1989, Wilkerson's balance was $359.39. By the end of the day on August 25, 1989, his balance was $53.46. Wilkerson did not make another deposit until August 28, 1989, at which time the balance became $449.11. However, by the following day, the balance again fell to $76.09. The account continued to fluctuate and the balance was usually significantly below $480.70.

The record reflects that it is a practice in the insurance business for an agent to deposit clients' premium payments into the agent's own account, retain his commission, and forward the remainder by check to the insurance company. Wilkerson's contract with American Integrity shows his commission to be sixty percent (60%) of the premium. Although the evidence does not reflect that Wilkerson retained his commission before forwarding Burkhardt's premium payment to American Integrity, even assuming it would have been proper for Wilkerson to retain his 60% commission, he would still need to have kept a balance of $192.28 in his account.[1] Wilkerson's bank statement clearly shows that his balance was often below this amount.

Wilkerson, like the attorney in *In re Schaeffer,* misappropriated the client's funds by applying some of the funds toward his own personal use (or a use different from that for which it was created) and by failing to maintain an adequate balance in his account to cover Burkhardt's premium payment. The AHC's conclusion that Wilkerson's license was not subject to disci-

---

1. The sum of $192.28 represents the full premium payment of $480.70 less Wilkerson's commission of $288.42 (60% of $480.70).

pline under section 375.141.1(5), RSMo Supp.1991, was based on an erroneous application of the law. Wilkerson's misappropriation of Burkhardt's funds causes his license to be subject to discipline. It was erroneous for the AHC to conclude otherwise.

The judgment of the trial court is reversed and this cause is remanded for the trial court to direct that the Missouri Division of Insurance determine appropriate discipline for the insurance agent license of Larry Wilkerson.

All concur.