THE CITY OF WYOMING *et al.*, Plaintiffs-Appellees, *v.* ILLINOIS LIQUOR CONTROL COMMISSION, Defendant.—(WYOMING SUPER VALU, INC., Defendant-Appellant.)

Third District   No. 76-378

Opinion filed April 28, 1977.—Rehearing denied June 3, 1977.

Nelson Howarth, of Springfield, for appellant.

Glen Borden, of Liggett, Borden & Borden, of Wyoming, for appellees.

Mr. JUSTICE BARRY delivered the opinion of the court:

This case involves an appeal by the defendant, Wyoming Super Valu, Inc. (hereinafter referred to as Super Valu), from an order of the Circuit Court of Stark County. The circuit court, on administrative review, reversed an order of the Illinois Liquor Control Commission (hereinafter

referred to as the Commission), also a defendant in this case. The Commission's order had directed the plaintiffs, City of Wyoming and Lucille Polk, the Mayor of the City of Wyoming and local liquor control commissioner (hereinafter referred to as City and Mayor, respectively), to renew Super Valu's local liquor license.

Super Valu is an Illinois corporation, primarily engaged in the grocery business and having a place of business within the corporate limits of the City. The City is not a home rule unit. As a result of a city council meeting in June of 1973, the then Mayor and local liquor control commissioner issued a license to Super Valu to permit the sale of beer and wine in its place of business from May 1, 1973, to April 30, 1974.

The basis for the issuance of the license was a purported amendment to the City's liquor ordinance. Only a notation in the minutes of the council meeting and a handwritten addition to the printed ordinance which purported to add a license classification allowing for the sale of beer and wine to be consumed off the premises gave evidence that an amendment was considered by the city council. Nevertheless, a renewal license was issued to Super Valu, the license to operate from May 1, 1974, to April 30, 1975.

Subsequent to the issuance of the renewal license, the city attorney advised the city council that the license was invalid because there was no ordinance providing for the issuance of such a license. As a result, Mayor Polk refused to issue a second renewal license to Super Valu. The Mayor's action was taken without issuing a notice of a hearing to Super Valu, without any formal hearing, without presenting any written charges to Super Valu, and without issuing an order of revocation, suspension or refusal to renew Super Valu's license.

This cause was then heard by the Illinois Liquor Control Commission. The City and the Mayor admit in their brief that the only issue before the Commission was whether the City was estopped from denying the existence of a valid ordinance. The Commission found that the evidence presented by the City did not support the refusal to renew the license and directed the issuance of the license.

Thereafter, administrative review was sought in the Circuit Court of Stark County. That court reversed the order of the Commission and entered judgment in favor of the City and the Mayor. The specific finding upon which this decision was based was that, under the ordinance, there was never any power in the local liquor control commissioner to issue a license. From the judgment of the circuit court, Super Valu appeals.

The only question before this court is whether the local liquor control commissioner improperly refused to renew Super Valu's license because of noncompliance with the notice and hearing requirements of section 5 of article VII of "An Act relating to alcoholic liquors" (Ill. Rev. Stat. 1975,

ch. 43, par. 149). We are not now deciding the propriety or impropriety of the Mayor's refusal to renew Super Valu's license on grounds other than the invalidity of the ordinance upon which the issuance of the license was based. Nor is it necessary for this opinion that we decide whether the City's liquor ordinance was, or was not, validly amended to provide for the issuance of a local retail license to Super Valu.

■■■ This court has held that a party who fails to assert the invalidity of an ordinance within a reasonable time after its passage, is estopped from so asserting if the failure resulted from that party's lack of due diligence and the opponent has substantially changed his position in reliance on the ordinance. (*Smith v. City of Macomb* (3d Dist. 1976), 40 Ill. App. 3d 658, 352 N.E.2d 697.) Furthermore, although as a general rule a person takes the risk that the government officer to whom he speaks has the authority which he purports to have, the doctrine of estoppel may be invoked where a party is induced to take an action by the conduct of municipal officers and where, in the absence of relief, that party would suffer substantial loss. (*City of Marseilles v. Hustis* (3d Dist. 1975), 27 Ill. App. 3d 454, 325 N.E.2d 767.) The Illinois Supreme Court has also recognized the application of the doctrine of estoppel under the same circumstances. *Cities Service Oil Co. v. City of Des Plaines* (1961), 21 Ill. 2d 157, 171 N.E.2d 605.

■ In the case at bar, Super Valu instituted the sale of beer and wine in reliance on the issuance of the license by the local liquor control commissioner and mayor of the City of Wyoming. As a result, Super Valu built up its business and its inventory such that it stands to incur a substantial loss if the mayor-local commissioner is now allowed to nullify the act of her predecessor in office. Therefore, the City and the Mayor are estopped from denying the validity or the existence of an amendment to the City's liquor ordinance which created the authority to issue a local license to Super Valu.

The City and the Mayor argue that the issue of estoppel was not raised in this court or in the circuit court. Nevertheless, they admit, in the appellee brief, that it was the only issue before the Commission. In addition, Super Valu specifically raises the issue of equitable estoppel in the reply brief.

Although Supreme Court Rule 341 indicates that points not argued in the appellant's brief are deemed waived and are not to be raised for the first time in the appellant's reply brief (Ill. Rev. Stat. 1975, ch. 110A, pars. 341(e)(7) and (g)), that statement is not a limitation on a reviewing court's jurisdiction, but is an admonition to the parties. (*Hux v. Raben* (1967), 38 Ill. 2d 223, 230 N.E.2d 831.) "[U]nder Rule 366 (Ill. Rev. Stat. 1975, ch. 110A, par. 366) a reviewing court may, in the exercise of its responsibility for a just result, ignore consideration of waiver and decide a case on

grounds not properly raised or not raised at all by the parties." (*Occidental Chemical Co. v. Agri Profit Systems, Inc.* (2d Dist. 1975), 37 Ill. App. 3d 599, 603, 346 N.E.2d 482, 485.) We believe a just result in this case required our consideration of the estoppel issue.

■■ Although we agree with the City and the Mayor that procedural due process does not require proper notice and a hearing for the nonrenewal of a liquor license because a liquor license is not a property right (Ill. Rev. Stat. 1975, ch. 43, par. 119), there are statutory procedural requirements which must be followed by the local liquor control commissioner for the revocation or suspension of a local liquor license (Ill. Rev. Stat. 1975, ch. 43, par. 149).

The history of section 5 of article VII of "An Act relating to alcoholic liquors" indicates an intention on the part of the legislature to avoid the possibility of the arbitrary revocation or suspension of a local liquor license. Originally, the statute provided:

"§5. The local commission may revoke any license issued by it if it determines that the licensee has violated any of the provisions of this Act or of any valid ordinance or resolution enacted by the particular city council, president, and board of trustees or county board (as the case may be) or any applicable rule or regulation established by the local commission which is not inconsistent with law." (Ill. Rev. Stat. 1935, ch. 43, par. 56.)

Interpreting this statute in the case of *Hornstein v. Illinois Liquor Control Com.* (1952), 412 Ill. 365, 106 N.E.2d 354, the Illinois Supreme Court held that since the statute did not expressly require a hearing by the local liquor control commissioner as a condition precedent to revocation, no such hearing was required even though the Act provided for revocation "for cause" and for a trial *de novo* before the State Commission. Following this decision, the legislature amended the statute by adding the following language to the end of the section:

"* * * . However no such license shall be revoked or suspended except after a public hearing by the local liquor control commissioner with a three (3) day written notice to the licensee affording said licensee an opportunity to appear and defend; provided, however, that if the local liquor control commissioner has reason to believe that any continued operation of a particular licensed premises will immediately threaten the welfare of the community he may, upon the issuance of a written order stating the reason for such conclusion and without notice or hearing order the licensed premises closed for not more than seven (7) days, giving the licensee an opportunity to be heard during that period, except that if such licensee shall also be engaged in the conduct of another business or businesses on the licensed premises such order

shall not be applicable to such other business or businesses.

The local liquor control commissioner shall within ten (10) days after such hearing, if he determines after such hearing that the license should be revoked or suspended, state the reason or reasons for such determination in a written order of revocation or suspension and shall serve a copy of such order within the said ten (10) days upon said licensee.

The said licensee after the receipt of such order of suspension or revocation shall have the privilege within a period of twenty (20) days after the receipt of such order of suspension or revocation of appealing said order to the State commission or the local license appeal commission and upon the filing of such an appeal by the licensee he may resume his business until such time as the State commission or the local license appeal commission shall render a decision either sustaining the order of the local liquor control commissioner or reversing said order." (Ill. Rev. Stat. 1955, ch. 43, par. 149).

Although there have been more recent amendments, this is essentially how the statute continues to read.

■■ This statute does not expressly require compliance with the procedural requirements when a local liquor control commissioner refuses to renew a local liquor license. However, it could not have been the legislative intent that a local liquor control commissioner be able to easily avoid the application of the statutory procedural requirements to license revocation by waiting for the license to expire and then refuse to issue a renewal license. For that reason, we interpret the term "revocation" in section 5 of article VII of "An Act relating to alcoholic liquors" (Ill. Rev. Stat. 1975, ch. 43, par. 149) to include the refusal to issue a renewal license.

Accordingly, judgment of the Circuit Court of Stark County is reversed and the cause is remanded to the local liquor control commissioner of the City of Wyoming for a determination of whether there is cause not to reissue a local liquor license to Super Valu, utilizing procedure not inconsistent with section 5 of article VII of "An Act relating to alcoholic liquors" (Ill. Rev. Stat. 1975, ch. 43, par. 149), or to renew Super Valu's license in the event no such proceeding is initiated.

Reversed and remanded with directions.

STENGEL, P. J., and SCOTT, J., concur.