**Jewel JANSSEN, Plaintiff and Respondent,**

v.

**The Honorable Gorden H. MAXAM, Mayor of the City of Lake Preston; Leonard Svihel, City Auditor; W. L. Mikelson, M. R. Munson, Le Roy Koch, Donovan Laabs, and Lanny Olson, Constituting the Governing Board of the City of Lake Preston, State of South Dakota, Defendants and Appellants.**

No. 12514.

Supreme Court of South Dakota.

Considered on Briefs March 16, 1979.

Decided March 5, 1980.

Thomas W. Stanton of Stanton & Fite, Brookings, for plaintiff and respondent.

Rodney J. Steele of Wilkinson & Steele, DeSmet, for defendants and appellants.

MORGAN, Justice (on reassignment).

This appeal stems from the rejection of respondent's application to the city council of Lake Preston for an off-sale low-point beer license. When the council rejected the application on the grounds of unsuitable location, respondent appealed to the circuit court for review arguing that the council members violated the provisions of SDCL 1–26–26 by discussing the application with constituents before the hearing. The circuit court agreed with respondent and remanded for a new hearing in accordance with SDCL 1–26. We reverse.

The South Dakota Secretary of Revenue (Secretary) issues all liquor licenses in the state. SDCL 35–1 and SDCL 35–2. In the case of low-point beer, the application for such license must first be approved by the governing body of the applicant's municipality. SDCL 35–2–1.2. The respondent urged and the trial court found that applications for licenses made pursuant to SDCL 35–2–1.2 are governed by SDCL 1–26, the Administrative Procedures Act (APA), and that SDCL 1–26–26 requires board members to disqualify themselves from the decision-making process if they had ex parte communications after the application was received. Appellant argues that SDCL 1–26–26 should not apply to small towns because no city council of a small town could or should effectively insulate itself from communications from its constituency before such a hearing takes place.

SDCL 1–26–1(1) defines "agency" and specifically excludes among others "any unit of local government . . . unless the . . . unit . . . is specifically made subject to this chapter by statute."

Respondent urges that the provision of SDCL 35–2–13 subjects alcoholic beverage licensing to the APA. This section provides:

An applicant or licensee under this title, or any person or governing board interested therein, shall have a right of hearing in relation to any action taken upon the application or license, *which hearing shall be held* in the county where the license has been applied for or has

been issued, *in accordance with the provisions of chapter 1–26.* (emphasis added)

As we read this provision however, and the legislative history, we do not believe that it applies to the hearing under consideration here. Under the provisions of SDCL 35–2, which set out the powers and procedures for alcoholic beverage licenses, applications for certain licenses, to-wit: manufacturers, distillers, wholesalers, solicitors, transporters, carriers, and dispensers, and licenses for municipalities and counties are submitted directly to the Secretary; while all other retail licenses are submitted to the governing body of the municipality or county wherein the licensee will operate. SDCL 35–2–3, 35–2–4, and 35–2–5 specifically provide for the hearing and notice requirements for this latter class of licenses, and SDCL 35–2–5.1 and 35–2–5.2 provide for endorsement on the application of the approval or disapproval of the local board. The chapter also vests discretion in the Secretary to approve or disapprove both the applications submitted directly to him and such applications as the local board has approved. The Secretary further has discretion to revoke licenses for violations of the alcoholic beverages statutes upon his own volition and upon instigation of the local board.

We are of the opinion that it is the right to a hearing on the Secretary's actions that is referred to in SDCL 35–2–10 and SDCL 35–2–13 which incorporate the requirements of compliance with the APA; otherwise, the provisions for notice cited above would be redundant and the provision for simple endorsement of approval or disapproval would be in direct conflict with the APA requirement for findings of fact and conclusions of law. Furthermore, the reference in SDCL 35–2–13 to the "governing board" and the requirement that "hearing shall be held in the county where the license has been applied for" would be completely redundant; whereas in our interpretation they would be perfectly normal. We hold, therefore, that the alcoholic beverage licensing hearing requirements before a local unit of government are not specifically

made subject to the APA by statute as required by SDCL 1–26–1(1), above.

The judgment of the trial court is reversed and the case is remanded to the trial court with instructions to enter judgment in favor of the appellants in conformity herewith.

DUNN and HENDERSON, JJ., concur.

WOLLMAN, C. J., dissents.

FOSHEIM, J., deeming himself disqualified, did not participate in this decision.

WOLLMAN, Chief Justice (dissenting).

Appellants misconstrue the spirit of the Administrative Procedures Act. Although city council members should not remain oblivious to the desires of their constituents, state law requires certain safeguards be met to protect the interests of an applicant for a license. SDCL 35–2–13 gives such applicant the right to a hearing, and SDCL 35–2–3 requires notice and hearing before a retail license can be granted. SDCL 1–26–27 states that when the "grant, denial, or renewal of a license is required to be preceded by notice and opportunity for hearing," the rules for contested cases apply. If the requirements of these statutes are too onerous for the governing bodies of smaller municipalities to comply with, then legislative action, not judicial relief, should be sought.

I would affirm the judgment.