TONY'S LIQUOR, INC. Plaintiff-Appellee, v. THE CITY OF CHICAGO, Defendant-Appellant (License Appeal Commission of the City of Chicago, Defendant).

First District (6th Division)   No. 1—92—1396

Opinion filed November 19, 1993.

Kelly R. Welsh, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Jean Dobrer, Assistant Corporation Counsel, of counsel), for appellant.

Richard J. Troy and Peter J. Troy, both of Chicago, for appellee.

JUSTICE EGAN delivered the opinion of the court:

This is an appeal by the defendant, City of Chicago (City), from a preliminary injunction restraining the City from enforcing an order of revocation of the liquor license of the plaintiff, Tony's Liquor, Inc. The sole issue is whether the trial judge erred in construing section 7—9 of the Liquor Control Act (Act) (Ill. Rev. Stat. 1989, ch. 43, par. 153).

The plaintiff operates a food and liquor store at 6929 North Clark Street. On January 22, 1990, the City's license commission issued a notice of hearing on proceedings to revoke the plaintiff's liquor license and other City licenses: a business license, a cigarette license and a food license. The notice contained charges that the plaintiff had allowed two persons under the age of 21 to sell alcoholic beverages and allowed its agents to possess an unregistered firearm on the premises. On March 18, 1992, the license commission ordered all the plaintiff's licenses revoked effective March 30, 1992. On March 27, the plaintiff filed a notice of appeal with the City's license appeal commission. The plaintiff also filed a complaint for injunctive relief in the circuit court and a motion for a preliminary injunction to enjoin the enforcement of the order of revocation, pending resolution of its administrative appeal to the license appeal commission.

It was established in the circuit court that the plaintiff's liquor license had previously been suspended for 10 days based on its sale of liquor to a minor. That suspension occurred within the 12 months which preceded the revocation order of March 18, 1992. After a hearing, the judge granted the preliminary injunction as to the liquor license but denied the injunction as to the other licenses. The plaintiff does not appeal from the order denying the injunction as to the other licenses.

For the purposes of this appeal, it is appropriate that we discuss the Liquor Control Act as it existed in 1985. The Act was a comprehensive plan for liquor license regulation throughout the State. It provided that in municipalities having a population in excess of 500,000 inhabitants, appeals from orders of suspension or revocation of liquor licenses entered by the local liquor commissioner (in Chicago, the mayor) were to be made to a license appeal commission. In all other municipalities, the appeals of orders of suspension or revocation by the local liquor commissioner were to be made to the State Liquor Commission. Appeals to the State Liquor Commission were to be based on the record before the local liquor commissioner, if the local governmental entity adopted a resolution providing for

such review. Otherwise, review would be *de novo*. All appeals to the license appeal commission of license revocations or suspensions were to be heard on the record of the proceedings before the local liquor commissioner.

The section of the statute in issue here, section 7—9, also provided:

"In cities, villages and incorporated towns having a population of 500,000 or more inhabitants appeals from any order or action shall lie to the license appeal commission of such city, village or incorporated town. All of the provisions of [section 7—9] and [s]ection 7—10 relative to proceedings upon appeals before the State Commission and relative to appeals from the decisions of the State Commission shall apply also to proceedings upon appeals before any license appeal commission and appeals from the decisions of license appeal commission." (Ill. Rev. Stat. 1985, ch. 43, par. 153.)

Section 7—10 of the Act, referred to in section 7—9, provided for service of decisions of either the State Commission or license appeal commission, appearances before either commission and the procedure governing rehearings. Ill. Rev. Stat. 1985, ch. 43, par. 154.

In 1984 the State Liquor Commission adopted a rule which provided that a licensee would be permitted to resume the operation of the licensed business during the pendency of appeals from orders of the local liquor commission suspending or revoking a license or denying a renewal application of a license, provided that the licensee deposited with the local liquor commission an amount sufficient to cover the license fee for the renewal period and any bond that might be required. No comparable rule of the City of Chicago license appeal commission has been called to our attention. We infer that no such rule exists.

In 1986 the Act was amended to provide as follows:

"In any case in which a licensee appeals to the State Commission a suspension or revocation by a local liquor control commissioner that is the second or subsequent such suspension or revocation placed on that licensee within the preceding 12 month period, the licensee shall consider the suspension or revocation to be in effect until a reversal of the local liquor control commissioner's action has been issued by the State Commission and shall cease all activities otherwise authorized by the license. The State Commission shall expedite, to the greatest extent possible, its consideration of any appeal that is an appeal of a second or subsequent suspension or revocation within the past 12 month period." Ill. Rev. Stat. 1987, ch. 43, par. 153.

In 1990 the Act was amended as follows:

"In any case in which a licensee appeals to the State Commission from an order or action of the local liquor control commission having the effect of suspending or revoking a license, denying a renewal application, or refusing to grant a license, the licensee shall resume the operation of the licensed business pending the decision of the State Commission and the expiration of the time allowed for an application for rehearing. If an application for rehearing is filed, the licensee shall continue the operation of the licensed business until the denial of the application or, if the rehearing is granted, until the decision on rehearing." Ill. Rev. Stat. 1991, ch. 43, par. 153.

It is the position of the plaintiff, which was accepted by the trial judge, that the 1986 amendment to the Act, which barred an automatic stay of suspension or revocation of any licensee who had already received a suspension or revocation within a 12-month period, applies only to licensees under the jurisdiction of the State Commission, and not to licensees under the jurisdiction of the license appeal commission.

Boiled down, the issue before us is whether the legislature intended that the 1986 amendment to section 7—9 of the Act applied to appeals from the local liquor commissioner to the license appeal commission as well as appeals to the State Commission. We conclude that it did.

We begin first with reference to the express language of section 7—9 which provides that section 7—9 applies to appeals proceedings before the State Commission as well as appeals proceedings before any license appeal commission. Second, the legislative history shows that the 1986 amendment was introduced in the Senate by a Chicago senator and in the House by a Chicago representative. It is illogical to infer that those Chicago members of the legislature would be interested in introducing legislation that would not apply to the City of Chicago. Third, the interpretation urged by the plaintiff would cast serious questions on the constitutionality of the Act. (See *Johnkol, Inc. v. License Appeal Comm'n* (1969), 42 Ill. 2d 377, 247 N.E.2d 901 (statute held invalid where there was no rational basis for distinguishing between licensees in Chicago and all other licensees in the State).) A statute should be interpreted so as to avoid doubt as to its validity. *People v. Davis* (1982), 93 Ill. 2d 155, 442 N.E.2d 855.

The plaintiff relies on that provision of the 1986 amendment which directs the State Commission to "expedite, to the greatest extent possible, its consideration of any appeal that is an appeal of a second or subsequent suspension or revocation within the past 12 month period." (Ill. Rev. Stat. 1987, ch. 43, par. 153.) The plaintiff

argues that because the City's license appeal commission has not enacted any rules about expediting such appeals, the license appeal commission must itself believe that the amendment does not apply to it. As the City points out, the State Commission also has no rules about expediting appeals of second suspensions or revocations. Apart from the fact that the language is merely hortatory or directory, it may be fairly argued that, to be consistent, that language also applies to appeals from the local liquor commissioner to the license appeal commission as well as appeals to the State Commission.

We agree with the City that the plaintiff's position is inconsistent. It seeks the benefit of that part of the statute which provides for stays of revocation or suspension, although that part of the statute refers only to appeals to the State Commission, but it seeks to avoid the limitations of the other part of the statute because that other part of the statute also refers only to appeals to the State Commission.

For these reasons, we judge that the provisions of section 7—9 as amended in 1986 applied to the plaintiff in this case and he was not entitled to a stay of the revocation order *as a matter of law*. Nothing in this opinion should be construed to be a holding that the plaintiff would be barred from seeking relief in the circuit court from a revocation or suspension order entered by the local liquor commissioner.

The judgment of the circuit court is reversed and the cause remanded.

Judgment reversed and cause remanded.

RAKOWSKI and GIANNIS, JJ., concur.