**ZEUS CORPORATION, d/b/a Main Tavern, et al., Plaintiffs,**

v.

**CITY OF DECORAH, IOWA; City Council for the City of Decorah Iowa; Don Wurtzel, Mayor of the City of Decorah, Iowa; and Dean Teslow, Vern L. Olson, Don Rude, Harvey Klevar, Member of the Public Safety Committee of the City**

---

Council for the City of Decorah, Iowa; and Members of City Council for the City of Decorah, Iowa; Victor Fye, Richard Thorton, Robert Pins, Members of the City Council for the City of Decorah, Iowa, Defendants.

No. C 95–2028.

United States District Court,
N.D. Iowa,
Eastern Division.

June 24, 1996.

Kevin E. Schoeberl, Story & Schoeberl Law Office, Cresco, IA, for Zeus Corp., Claude J. Bremer, Louann E. Bremer.

Timothy D. Ament, Gartelos & Wagner, Waterloo, IA, for City of Decorah, Decorah Iowa City Council.

Timothy D. Ament, Peter J. Gartelos, Gartelos & Wagner, Waterloo, IA, for Don Wurtzel, Dean Teslow, Vern L. Olson, Don Rude, Harvey Klevar, Victor Fye, Richard Thorton, Robert Pins.

### *ORDER*

JARVEY, United States Magistrate Judge.

This matter comes before the court pursuant to defendants' April 11, 1996, motion for summary judgment (docket number 17). The motion was resisted on April 26, 1996, and the resistance was supplemented on May 28, 1996. On June 14, 1996, the court conducted a hearing on defendants' motion for discovery sanctions at which the parties declined the court's invitation for oral argument on the motion for summary judgment. The

defendants' motion for summary judgment is granted.

This case, brought pursuant to 42 U.S.C. § 1983, arises out of the defendants' refusal to renew a liquor license. The plaintiffs managed a tavern in Decorah and maintained a liquor license from the City of Decorah between 1979 until 1993. In April 1993, a special meeting of the Public Safety Committee of the Decorah City Council was held without notice to the plaintiffs in which they decided not to renew plaintiff's liquor license. Plaintiffs allege that the defendants denied them due process.

Defendants' contend that plaintiffs were not deprived of due process when defendants' refused to renew the liquor license because plaintiffs possessed no property interest in having it renewed. Plaintiffs contend that the Iowa liquor license procedures and the City of Decorah municipal ordinances create a property interest in the renewal of a liquor license and the denial should have been accompanied by procedural due process protections.

### A. SUMMARY JUDGMENT

A motion for summary judgment may be granted only if, after examining all of the evidence in the light most favorable to the nonmoving party, the court finds that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. *Kegel v. Runnels,* 793 F.2d 924, 926 (8th Cir.1986). Once the movant has properly supported its motion, the nonmovant "may not rest upon the mere allegations or denials of [its] pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Fed. R.Civ.P.* 56(e). "To preclude the entry of summary judgment, the nonmovant must show that, on an element essential to [its] case and on which [it] will bear the burden of proof at trial, there are genuine issues of material fact." *Noll v. Petrovsky,* 828 F.2d 461, 462 (8th Cir.1987), *cert. denied,* 484 U.S. 1014, 108 S.Ct. 718, 98 L.Ed.2d 668 (1988) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Although "direct proof is not required to create a jury question, ... to avoid summary judg-

ment, 'the facts and circumstances relied upon must attain the dignity of substantial evidence and must not be such as merely to create a suspicion.'" *Metge v. Baehler,* 762 F.2d 621, 625 (8th Cir.1985), *cert. denied,* 474 U.S. 1057, 106 S.Ct. 798, 88 L.Ed.2d 774 (1986) (quoting *Impro Prod., Inc. v. Herrick,* 715 F.2d 1267, 1272 (8th Cir.1983), *cert. denied,* 465 U.S. 1026, 104 S.Ct. 1282, 79 L.Ed.2d 686 (1984)). In applying these standards, the court must give the nonmoving party the benefit of all reasonable inferences to be drawn from the evidence. *Krause v. Perryman,* 827 F.2d 346, 350 (8th Cir.1987).

### B. VIOLATION OF DUE PROCESS AND EQUAL PROTECTION CLAIM

██ The Fourteenth Amendment prohibits state action that deprives "any person of life, liberty or property, without due process of law." U.S. Const. Amend. XIV, § 1. The possession of a protected life, liberty, or property interest is thus a condition precedent to the government's obligation to provide due process of law. *Movers Warehouse, Inc. v. City of Little Canada,* 71 F.3d 716, 718 (8th Cir.1995).

██ In order for the plaintiffs to have a property interest in the renewal of a liquor license, plaintiffs must show entitlement to it, not just a unilateral expectation of it. *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972)). *Buchanan v. Little Rock School Dist.,* 84 F.3d 1035 (8th Cir.1996). Property interests are "created as their dimensions are defined" by an independent source such as state law, not the Constitution. *Roth.*

██ As a matter of state procedure, Iowa law requires notice and an opportunity to be heard for revocation and suspension of a liquor license, not for non-renewal of a liquor license. Iowa Code Section 123.39. Likewise, the Decorah Code requires notice and hearing only in revocation and suspension cases. Municipal Code of City of Decorah, 5.08.220, Exhibit A. However, Iowa case and statutory law does not recognize one's expectation for the renewal of a liquor license as a property right.

Plaintiffs contend that a property interest in the renewal of his liquor license arises from the Code of Iowa Chapter 123, citing 123.3(24),[1] 123.32(2),[2] 123.32(4)(a),[3] and 123.32(5).[4] Plaintiff also cited City of Decorah municipal ordinances 5.08.030,[5] 5.08.40,[6] and 5.08.130.[7] None of these statutes and municipal ordinances confer any property interest on the plaintiffs as none of them require the renewal upon plaintiffs' satisfaction of substantive prerequisites.

Other courts, examining the law of their states, have addressed the question presented here. Most states do not create a property interest in the renewal of a license. See e.g., under Minnesota law, Movers Warehouse, Inc. v. City of Little Canada, 71 F.3d 716 (8th Cir.1995); Hymanson v. City of St. Paul, 329 N.W.2d 324, 326 n. 1 (Minn.1983); Paron v. City of Shakopee, 226 Minn. 222, 32 N.W.2d 603, 607–08 (1948); State v. Hovorka, 100 Minn. 249, 110 N.W. 870, 871 (1907); under Missouri law, Zenco Development Corp. v. City of Overland, 843 F.2d 1117 (8th Cir.1988); Vaughn v. Ems, 744 S.W.2d 542 (Mo.Ct.App.1988); under Wisconsin law, Scott v. Village of Kewaskum, 786 F.2d 338, 340 (7th Cir.1986); Polenz v. Parrott, 883 F.2d 551 (7th Cir.1989).

Other states have found that there is a property interest in a liquor license renewal, but only where state law mandated renewal upon satisfaction of certain substantive prerequisites. See e.g., under Illinois law, Reed v. Village of Shorewood, 704 F.2d 943 (7th Cir.1983); City of Wyoming v. Liquor Control Comm'n of Illinois, 48 Ill.App.3d 404, 409, 6 Ill.Dec. 258, 262, 362 N.E.2d 1080, 1084 (1977); Easter House v. Felder, 910 F.2d 1387 (7th Cir.1990).

■ Mere procedural schemes or requirements created by the state are not sufficient to create a property interest. See Buckley v. Barlow, 997 F.2d 494 (8th Cir.1993); Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982)

1. "Permit or License means an expressed written authorization issued by the Division for the manufacture or sale or both of alcoholic liquor, wine or beer."

2. "Actions by local authorities. The local authority shall either approve or disapprove the assurance of a liquor control license, retail wine, permit, or retail beer permit, shall endorse its approval or disapproval on the application and shall forward the application with the necessary fee and bond, if required to the division ..."

3. "Upon receipt of an application having been disapproved by the local authority, the administrator shall notify the applicant that the applicant may appeal the disapproval of the application to the administrator ..."

4. "Appeal to Administrator. An applicant for a liquor control license, wine permit, or beer permit may appeal from the local authority's disapproval of an application for a license or permit to the administrator ..."

5. "Eligibility for liquor control license or beer permit. Upon meeting the requirements opposed by State Law in this Chapter, a person who is of good moral character as defined by state law in this chapter may apply for liquor control license, wine permit or beer permit. In the case of a club, corporation or partnership, the officers of the club or corporation and the partners of the partnership shall be persons of good moral character as defined by state law in this chapter."

6. "Conditions for approval of license or permit-Premises. An applicant for a liquor control license, wine permit or beer permit, as a further condition for approval by the city council, must give consent in writing on the application that members of the fire, police and health departments and the building inspector may enter upon the premises without warrant to inspect for violations of the provisions of state law and of this chapter.

A. No liquor control license, wine permit or beer permit shall be approved for premises which do not conform to all applicable laws, ordinances, resolutions and health and fire regulations.

B. No licensees shall have or maintain any interior access to residential or sleeping quarters unless permission is granted by the Administrator of the Alcoholic Beverages Division in the form of a living quarters permit.

C. The premises of a class B beer permit and classes of liquor licenses or wine permits where consumption on the premises is allowed shall, at the time of the application, and continue to be equipped with sufficient tables and seats to accommodate twenty-five persons at one time."

7. "Simplified application for renewal. Upon receipt of an application for the renewal of a liquor license, wine permit or beer permit, it shall be forwarded to the chief of police only, who shall conduct an investigation and shall submit a written report on the applicant as to the truth of the facts declared in the application and a recommendation to the city council as to the approval of the license of permit."

(reasoning that "[a prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment."); *Flick v. Alba,* 932 F.2d 728 (8th Cir.1991) (holding that federal regulations providing for administrative remedy procedure do not in and of themselves create liberty interest in access to that procedure). The federal court does not sit in a case such as this to determine whether state actors complied with state procedural law.

In conclusion, plaintiffs have not cited any authority showing that Iowa has created a property interest in a liquor license renewal. Without a property interest, there is no requirement for due process, and summary judgment must be granted.

Upon the foregoing,

IT IS ORDERED

The defendants' motion for summary judgment is granted in accordance with the text above. This case is dismissed and the clerk shall enter judgment for defendants.