NOTICE

Decision filed 03/21/11, corrected
03/28/11. The text of this decision
may be changed or corrected prior to
the filing of a Petition for Rehearing
or the disposition of the same.

NO. 5-09-0621

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| KNOOB ENTERPRISES, INC., d/b/a STIX BAR AND BILLIARDS, | ) ) ) | Appeal from the Circuit Court of Jackson County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 09-CH-51 |
| THE CITY OF CARBONDALE, THE CARBONDALE LOCAL LIQUOR CONTROL COMMISSION, and THE CARBONDALE POLICE DEPARTMENT, | ) ) ) ) ) | |
| | ) ) | Honorable Kimberly L. Dahlen, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE GOLDENHERSH delivered the judgment of the court, with opinion.
Justices Welch and Donovan concurred in the judgment and opinion.

**OPINION**

On July 2, 2009, plaintiff, Knoob Enterprises, Inc., doing business as Stix Bar and Billiards, filed a complaint against defendants–the City of Carbondale, the Carbondale Local Liquor Control Commission, and the Carbondale Police Department–in the circuit court of Jackson County. The requested relief included a temporary restraining order and damages incurred as a result of the closing of an establishment named Stix Bar and Billiards (Stix). The circuit court granted a temporary restraining order in favor of plaintiff in an order of July 2, 2009, but in an order of October 9, 2009, the court dismissed the complaint. On appeal, plaintiff raises the following issues: (1) whether the circuit court erred by finding that plaintiff was not entitled to an automatic stay pursuant to Illinois's Liquor Control Act of 1934 (Act) (235 ILCS 5/7-9 (West 2008)) and (2) whether the circuit court erred by dismissing the complaint in its entirety.

1

We reverse and remand.

FACTS

Plaintiff had two separate liquor licenses for two different establishments located in the City of Carbondale–one for Stix and one for Callahan's Irish Pub (Callahan's). Both licenses ran from June 30, 2008, to June 30, 2009. In April 2009, plaintiff applied for the renewal and transfer of both licenses.

Both licenses were placed on the agenda for the June 16, 2009, meeting of the Carbondale Local Liquor Control Commission (Local Commission). According to defendants' brief, the City of Carbondale had been notified that the State of Illinois Liquor Control Commission (State Commission) had placed a hold on any action on either license, and at the meeting plaintiff's counsel indicated he was attempting to have the hold lifted with regard to Stix. Plaintiff alleged in its complaint that the hold was lifted on June 17, 2009. In any event, no action was taken on the renewal applications at the meeting of June 16, 2009.

The record contains a petition of appeal from an order of the Local Commission signed by counsel for plaintiff on June 29, 2009, and stamped as received by the mayor's office of the City of Carbondale on June 30, 2009. The petition addressed the license for Stix, not Callahan's, and gave the following history: "Suspension History - The Licensee has not received any suspensions within the preceding 12 months." The petition asserted that the Local Commission had refused "to act on a timely submitted application for renewal and transfer of an existing license prior to it(s) expiration."

The license for Callahan's was suspended from June 18, 2009, through July 17, 2009. It was suspended at the time the petition of appeal was filed.

In the early morning hours of July 2, 2009, a police officer for the City of Carbondale closed Stix for the failure to have a valid license. Later that day, plaintiff filed suit against

2

defendants. Plaintiff requested a temporary restraining order, a permanent injunction, punitive damages, and actual damages for lost profits, interference with the contract for the sale of the business, and damage to business reputation. On July 2, 2009, the court entered, without notice to defendants, a temporary restraining order barring the City of Carbondale from closing Stix.

Upon entering the temporary restraining order, the court scheduled the matter for a hearing on the request for a preliminary injunction on July 13, 2009. After defendants entered their appearance, the temporary restraining order was extended and the matter was rescheduled for a hearing on August 5, 2009. On August 4, 2009, defendants filed an answer to plaintiff's complaint, and a docket entry of August 5, 2009, indicated that legal argument had been heard. A docket entry of September 4, 2009, indicated that the matter had been set for a hearing on the request for a permanent injunction on October 9, 2009. A printout from the circuit clerk of September 4, 2009, read, "The above case is set for: Hearing on Friday, October 09, 2009, at 9:30AM."

In the appendix to their appellate brief, defendants attached an order of the State Commission dated October 8, 2009, affirming an order of the Local Commission denying the renewal of the Stix license. Defendants assert that Stix remained open through October 9, 2009.

After the hearing on October 9, 2009, the court made the following docket entry: "The Ct hears arguments by Atty Sanders & Atty Kimmel & takes under advisement.

ORDER

The court has reviewed PLEADINGS, CASE LAW & CONSIDERED ARGUMENTS OF COUNSEL. The Court finds: 235 ILCS 5/7-9 provides an appeal by a licensee, who has held [within] the preceding 12 mos. a stay issued by the [State Commission], by terms of state statute do not allow for licensee to continue to operate

3

the establishment until the [State Commission] hears said appeal.

According to Plaintiff's Exhibit B[,] a 30 day suspension was to be in place as of June 18, 2009. This prelim. injunction was filed on July 2, 2009. The license for the licensee expired on June 30, 2009, during the time of a suspension.

The Court finds that the statute precludes the operation of the licensee's expired license as the licensee had no valid liquor license at the time this action was filed, thus no license to renew.

Plaintiff's complaint for injunctive relief is denied. No evidence was presented as to damages. Thus, Court finds for Defendants [and] case is dismissed."

Plaintiff appeals.

ANALYSIS

The disposition of this appeal is dictated by the terms of the Act. The second paragraph of section 7-9 of the Act provides as follows:

"In any case where a licensee appeals to the State Commission from an order or action of the local liquor control commission having the effect of suspending or revoking a license, denying a renewal application, or refusing to grant a license, the licensee shall resume the operation of the licensed business pending the decision of the State Commission and the expiration of the time allowed for an application for rehearing. If an application for rehearing is filed, the licensee shall continue the operation of the licensed business until the denial of the application or, if the rehearing is granted, until the decision on rehearing." 235 ILCS 5/7-9 (West 2008).

Plaintiff was entitled to the protections of this provision. On June 29, 2009, plaintiff, through counsel, sent a petition of appeal to the State Commission. The plain language of this paragraph is clear. Because plaintiff, a licensee, appealed an order of the local liquor control commission having the effect of "denying a renewal application," plaintiff was

4

entitled to "resume the operation of the licensed business pending the decision of the State Commission" (235 ILCS 5/7-9 (West 2008)).

The court invoked the provisions of the subsequent paragraph of section 7-9. This was error. The third paragraph of the section provides as follows:

"In any case in which a licensee appeals to the State Commission a suspension or revocation by a local liquor control commissioner that is the second or subsequent such suspension or revocation placed on that licensee within the preceding 12 month period, the licensee shall consider the suspension or revocation to be in effect until a reversal of the local liquor control commissioner's action has been issued by the State Commission and shall cease all activity otherwise authorized by the license. The State Commission shall expedite, to the greatest extent possible, its consideration of any appeal that is an appeal of a second or subsequent suspension or revocation within the past 12 month period." 235 ILCS 5/7-9 (West 2008).

The circuit court ruled that the third paragraph applied because plaintiff had received a stay from the State Commission within the preceding 12 months. This provision applies, however, only when "a licensee appeals to the State Commission a suspension or revocation." 235 ILCS 5/7-9 (West 2008). In the instant case, plaintiff was not appealing a suspension or a revocation. Instead, plaintiff was appealing the nonrenewal of the license for Stix.

Defendants assert that precedent supports their position that a nonrenewal is equivalent to a revocation or suspension. See *City of Wyoming v. Illinois Liquor Control Comm'n*, 48 Ill. App. 3d 404, 408, 362 N.E.2d 1080, 1083 (1977); *Tony's Liquor, Inc. v. City of Chicago*, 256 Ill. App. 3d 1016, 1017, 628 N.E.2d 423, 424 (1993). In *Tony's Liquor, Inc.*, a store had its liquor license revoked for serving minors. *Tony's Liquor, Inc.*, 256 Ill. App. 3d at 1017, 628 N.E.2d at 424. *Tony's Liquor, Inc.* discussed the 1990 amendment to

5

the second paragraph of section 7-9 and the 1986 amendment to the third paragraph. *Tony's Liquor, Inc.*, 256 Ill. App. 3d at 1018, 628 N.E.2d at 424-25; Pub. Act 86-1279, §1 (eff. Jan. 1, 1991); Pub. Act 84-1364, §1 (eff. Jan. 1, 1987). *Tony's Liquor, Inc.* gave an expansive reading to the third paragraph by finding that the exception to the stay contained in the third paragraph of section 7-9 as amended in 1986 applies to actions before local license appeal commissions, such as Chicago's, as well as the State Commission. *Tony's Liquor, Inc.*, 56 Ill. App. 3d at 1018, 628 N.E.2d at 425; Pub. Act 84-1364, §1 (eff. Jan. 1, 1987). Although *Tony's Liquor, Inc.* provides insight into the historical development of the Act, it does not address the situation at hand. *Tony's Liquor, Inc.* involved a revocation, not a nonrenewal.

*City of Wyoming* interpreted the term *revocation* to include nonrenewals. Nonetheless, *City of Wyoming* gives no reason to depart from the plain language of the Act. *City of Wyoming* found that the legislature did not intend to allow local commissions to easily avoid the procedural protections of licensees in revocation proceedings by simply allowing licenses to expire. In interpreting a previous version of the Act, *City of Wyoming* concluded as follows:

"This statute does not expressly require compliance with the procedural requirements when a local liquor control commissioner refuses to renew a local liquor license. However, it could not have been the legislative intent that a local liquor control commissioner be able to easily avoid the application of the statutory procedural requirements to license revocation by waiting for the license to expire and then refuse to issue a renewal license. For that reason, we interpret the term 'revocation' in section 5 of article VII of 'An Act relating to alcoholic liquors' (Ill. Rev. Stat. 1975, ch. 43, par. 149) to include the refusal to issue a renewal license." *City of Wyoming*, 48 Ill. App. 3d at 409, 362 N.E.2d at 1084.

Plaintiff argues, plausibly, that the addition of the language "having the effect of suspending"

6

and "denying a renewal application, or refusing to grant a license" (235 ILCS 5/7-9 (West 2008); Pub. Act 86-1279, §1 (eff. Jan. 1, 1991)) was a response to the abuse addressed in *City of Wyoming*. Whether in direct response to *City of Wyoming* or not, section 7-9 of the Act has since been amended in a way that specifically addresses the nonrenewal of a license. 235 ILCS 5/7-9 (West 2008); Pub. Act 86-1279, §1 (eff. Jan. 1, 1991).

The Act is unambiguous. The automatic stay set forth in the second paragraph of section 7-9 applies to a broad array of instances, including to an order having the effect of a revocation and to a denial of a renewal application. Plaintiff's history as a license holder is irrelevant. The exception to the automatic stay set forth in the third paragraph applies only when a licensee appeals a suspension or revocation. Here, plaintiff was appealing a denial of a renewal application.

On appeal, plaintiff asserts that the circuit court erred by scheduling and conducting a trial without notice and, likewise, erred by dismissing the case in its entirety. If the court's interpretation of the Act had been correct, a dismissal of the case in its entirety would have been appropriate. Because plaintiff was entitled to the stay, the court erred by failing to provide notice and an opportunity to the parties to address the other issues raised by the complaint, including evidence of damages. The lack of notice and a full hearing also prevented defendants from making arguments that potentially would limit damages, such as the assertions made by defendants on appeal regarding provisions of the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/2-101 through 2-111 (West 2008)) and any limitations on damages for plaintiff's failure to seek a stay of the enforcement of the October 9, 2009, order.

Accordingly, the judgment of the circuit court of Jackson County is hereby reversed, and the matter is remanded.

Reversed; cause remanded.

NO. 5-09-0621

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| KNOOB ENTERPRISES, INC., d/b/a STIX BAR AND BILLIARDS, | ) ) ) | Appeal from the Circuit Court of Jackson County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 09-CH-51 |
| THE CITY OF CARBONDALE, THE CARBONDALE LOCAL LIQUOR CONTROL COMMISSION, and THE CARBONDALE POLICE DEPARTMENT, | ) ) ) ) ) ) | Honorable Kimberly L. Dahlen, |
| Defendants-Appellees. | ) | Judge, presiding. |

**Opinion Filed**:        March 21, 2011

**Justices**:        Honorable Richard P. Goldenhersh, J.

            Honorable Thomas M. Welch, J., and
            Honorable James K. Donovan, J.,
            Concur

**Attorney for Appellant**        Alfred E. Sanders, Jr., Sanders & Associates, 4501 W. DeYoung, Suite B-103, Marion, IL 62959

**Attorney for Appellees**        P. Michael Kimmel, 200 S. Illinois Avenue, P.O. Box 2047, Carbondale, IL 62902-2047